# In the United States Court of Federal Claims

No. 19-1055C
(Filed: March 9, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
DAVID P. PETERSEN,                  *
                                    *
            Plaintiff,              *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion is granted.

In 2013, Plaintiff pro se David Petersen was convicted in the United States District Court for the Southern District of Alabama for crimes related to a Ponzi scheme. Am. Compl., Ex. E at 46. After his release, Plaintiff initiated this suit alleging constitutional, civil, and tort law claims, seeking $5.5 million in damages. Am. Compl. ¶ 4.

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). On a Rule 12(b)(1) motion to dismiss, the Court accepts all factual allegations as true and will draw all reasonable inferences in Plaintiff's favor. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).  The Tucker Act is not money-mandating, but rather is a jurisdictional statute.  United States v. Testan, 424 U.S. 392, 398 (1976).  To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted).

As a threshold matter, this Court cannot entertain Plaintiff's claims relating to his trial in the district court or the Eleventh Circuit's decision affirming his conviction because this Court lacks jurisdiction to review the decisions of either district courts or federal Courts of Appeal.  Innovair Aviation Ltd. V. United States, 632 F.3d 1336, 1344 (Fed. Cir. 2011).

In order to succeed on a claim for unjust conviction under 28 U.S.C. § 1495, a plaintiff must provide a court-issued certificate or pardon showing that his conviction "has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on the grounds of actual innocence, and that he did not commit the acts for which he has been charged."  Taylor v. United States, 130 Fed. Cl. 570, 572 (2016), aff'd, 666 F. App'x 896 (Fed. Cir. 2016); 28 U.S.C. § 2513(a)-(b) (2012).  Plaintiff has made no such showing here.

This Court also lacks jurisdiction over Plaintiff's constitutional and tort claims.  Plaintiff alleges violations of his rights under the First and Fourth Amendments, as well as general violations of his "civil rights."  See Am. Compl. ¶¶ 1, 4.  However, these provisions do not grant this Court jurisdiction because they are not money-mandating.  LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988); United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983).  Plaintiff's claims of "loss of reputation," "alienation of affection," and "severe pain and suffering" sound in tort, and this Court lacks jurisdiction over claims alleging tortious conduct.  Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

## Conclusion

This action is dismissed for lack of jurisdiction.

_Mary Ellen Coster Will_
MARY ELLEN COSTER WILLIAMS
**Senior Judge**